IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JORGE L. ROSADO-SIERRA<br><br>Plaintiff<br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant | Civil No. 07-2085 (SEC) |

**OPINION & ORDER**

Pending before this Court is Petitioner Jorge L. Rosado-Sierra's ("Rosado" or "Petitioner") Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (Dockets ## 1 & 3), in connection with United States v. Jorge L. Rosado-Sierra, Criminal Case No. 02-cr-00214-04 (SEC), and the Government's opposition thereto (Docket # 8). After considering the parties' filings, and the applicable law, Petitioner's motion is **DENIED.**

**Factual and Procedural Background**

On August 22, 2003, Rosado pled guilty to Counts One[1] and Two[2] of a superseding Indictment, pursuant to a plea and forfeiture agreement under FED. R. CRIM. P. 11(c)(1)(B), and sentenced to a term of one hundred thirty two (132) months of imprisonment, supervised release term of five (5) years, and a special monetary assessment of $100.00. 02-cr-00214-04, Docket # 552. On appeal, Petitioner argued, to no avail, that the district court abused its discretion in denying his motion to withdraw his guilty plea prior to sentencing, and challenged the sentence imposed pursuant to United States v. Booker, 543 U.S. 220 (2005).

---

[1] Conspiracy to possess with intent to distribute and at least distribute one but less than three kilograms of heroin in violation of 21 U.S.C. § 846.

[2] Forfeiture of property purchased with the proceeds of the criminal activity under 18 U.S.C. § 982(b).

**Civil No. 07-2085 (SEC)**                                                                                                         2

Specifically, Petitioner averred that the plea was not "knowing" because the Government did not inform him prior to entering his plea that he had been identified as a suspect in another drug conspiracy. The First Circuit summarily affirmed Rosado's conviction and sentence, finding that there was no abuse of discretion in denying the motion to withdraw the guilty plea. 02-cr-00214-04, Docket # 730. On this front, the Court noted that "[a] defendant is not normally entitled to know about the government's plans in cases not yet prosecuted, even if they might affect his decision whether to plead guilty in a case that has been prosecuted." Id. The Court further held that Petitioner "did not make a showing of a reasonable probability of a more lenient sentence under an advisory guideline regime [Booker]." Id.

Petitioner now seeks relief under 28 U.S.C. § 2255, claiming that his counsel failed to raise Booker claims on appeal, and alleging prosecutorial misconduct. Docket # 1. According to Petitioner, he is entitled to a downward departure because the Government failed to warn him about a second pending prosecution. In opposition, the United States argues that Petitioner's claims are procedurally barred. See Docket # 8.

**Standard of Review**

Federal District courts have the jurisdiction to entertain motions under section 2255 of title 28 of the United States Code when a petitioner is incarcerated by sentence of a federal court. See 28 U.S.C. §2255. Section 2255 provides four grounds on which a federal prisoner may challenge his sentence: (1) the sentence imposed is in violation of the Constitution and/or laws of the United States; (2) the court lacked the jurisdiction to impose the sentence; (3) the sentence exceeded the maximum term authorized by law; or (4) the sentence is otherwise subject to collateral review. See id. Should a court find any of these errors, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id.

The petitioner bears the burden of establishing, by a preponderance of the evidence, that he is entitled to relief. United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978). With

**Civil No. 07-2085 (SEC)**                                                                                              3

respect to petitions that are "inadequate on [their] face, or although facially adequate, [are] conclusively refuted as to the alleged facts by the files and records of the case, *summary dismissal* is appropriate." (internal citations omitted).

**Applicable Law and Analysis**

The First Circuit has consistently held that "[i]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." Singleton v. U.S., 26 F.3d 233, 240 (1st Cir. 1994) (citing Dirring v. U.S., 370 F.2d 862, 864 (1st Cir. 1967)). Thus, any issue seen on direct appeal by the First Circuit, relating to Crim. No. 02-00214-04 (SEC), is precluded from being considered by this Court through the use of a 28 U.S.C. § 2255 motion. See id. Non-constitutional claims not raised on direct appeal are likewise precluded "absent exceptional circumstances." Knight v. U.S., 37 F.3d 769, 772 (1st Cir.1994); see also Singleton, 26 F.3d at 239 (deeming petitioner's claim "defaulted" when "it was neither raised before the trial court nor on direct appeal"); Argencourt v. United States, 78 F.3d 14, 16 n.1 (1st Cir. 1996) (rejecting arguments "not raised in the district court").

The "general rule" is that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003). This heightened showing comports with the Supreme Court's well established rule that "§ 2255 is not a substitute for direct appeal" Knight, 37 F.3d at 772; see also Stone v. Powell, 428 U.S. 465, 478 n.10 (finding that there has been no change in the established rule with respect to nonconstitutional claims. The writ of habeas corpus and its federal counterpart, 28 U.S.C. s 2255, 'will not be allowed to do service for an appeal.'") (citing Sunal v. Large, 332 U.S. 174, 178 (1947)). Furthermore, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation are deemed waived." U.S. v. Jiminez, 498 F.3d 82, 88 (1st Cir. 2007) (citing United States v. Zannino, 895 F.2d 1, 17 (1st Cir.1990)).

Petitioner claims that his counsel's assistance was ineffective, charging more specifically that his counsel failed to raise Booker claims on appeal. However, a review of

**Civil No. 07-2085 (SEC)** 4

the record belies Petitioner's arguments. Specifically, in its Judgment, the First Circuit expressly denies Petitioner's Booker challenge to the sentence imposed. Thus this issue was raised by Petitioner's counsel, was disposed of on direct appeal and cannot be revisited by this Court. Similarly, the Court rejected Petitioner's allegations that the Government was obligated to inform him about the possible second prosecution against him. Although Petitioner now tries includes this claim under allegations of prosecutorial misconduct, he is merely re-asserting issues that were properly addressed and rejected by First Circuit.

Lastly, this Court notes that Rosado acknowledged, and accepted that the parties agreed upon a base offense level of 32, and a 2 level downward departure for acceptance of responsibility, resulting in a base offense level of 30, and a guideline range of 121 to 151 months. 02-00214-04, Docket # 644, p. 6, 7-8. Upon the Court's inquiry, Petitioner stated that he understood the plea agreement. Id. at 7-8. He cannot now argue for the first time that his counsel failed to argue for a 3 level downward departure. More so when he is procedurally barred from raising sentencing issues at this stage.

**Conclusion**

Based on the foregoing, Rosado's § 2255 motion is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of April, 2010.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge